UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLANCHARD & ASSOCIATES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LUPIN PHARMACEUTICALS, INC. and )<br>LUPIN, LTD., )<br>)<br>Defendants. ) | No. 16 C 8843<br><br>Judge Sara L. Ellis |

## OPINION AND ORDER

After performing legal work for Lupin Pharmaceuticals, Inc. ("Lupin USA") and Lupin, Ltd. ("Lupin India") in 2009 and not getting paid for the entirety of its work, Plaintiff Blanchard & Associates ("Blanchard") filed suit in 2016 against Lupin USA and Lupin India for breach of contract and unjust enrichment. Lupin USA moves to dismiss the amended complaint. Because both the breach of contract and unjust enrichment claims accrued in 2009 and are subject to a five-year statute of limitations, the Court dismisses the amended complaint as time-barred.

### BACKGROUND[1]

Lupin USA and Lupin India, related pharmaceutical companies headquartered in Maryland and India respectively, sought approval from the Food and Drug Administration ("FDA") for a generic birth control drug to be sold in the United States.[2] For help with the

---

[1] The facts in the background section are taken from Blanchard's amended complaint and the exhibits attached thereto and are presumed true for the purpose of resolving Lupin USA's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007). The Court does not consider Sean Moriarty's affidavit, attached to Lupin USA's motion to dismiss, because the affidavit constitutes extrinsic evidence not appropriately considered at the motion to dismiss stage. *See Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009).

[2] Lupin USA and Lupin India launched the generic drug on October 11, 2011.

approval process, they turned to Blanchard, a law firm that formerly operated in Cook County, Illinois. Blanchard communicated directly with Sofia Mumtaz, who held herself out as an authorized agent of both Lupin USA and Lupin India. Blanchard provided Mumtaz with an engagement letter in March 2009, which set out the terms of the parties' agreement. The letter is addressed to Mumtaz at "Lupin Research Park" in India and refers only to Lupin without differentiating between Lupin USA and Lupin India. Doc. 8 at 7. In exchange for payment on an hourly basis, Blanchard agreed to provide legal services in connection with patent reviews and validity for the generic birth control drug.

Although Mumtaz did not sign the engagement letter, Blanchard proceeded to provide legal work as directed by Mumtaz and submitted invoices for those services directly to her. Blanchard received $29,475 for its initial work and $60,522 for additional work it performed under the agreement. But $120,835 in fees from invoices dated October 31, 2009, remain outstanding. The engagement letter provides that payments are due within thirty days of the issuance of an invoice.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.

Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

I.      **Breach of Contract (Count I)**

Lupin USA first argues that Blanchard has improperly named it as a party to the lawsuit because Lupin USA has never entered into an agreement or done business with Blanchard. For support, Lupin USA relies on the affidavit of its Vice President of Legal Affairs, Sean Moriarty, but the Court cannot consider this affidavit because it falls outside the pleadings and the Court refuses to convert the motion to dismiss to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Hecker*, 556 F.3d at 582–83. Additionally, Lupin USA asks that the Court ignore Blanchard's allegations that Mumtaz held herself out as an authorized agent of both Lupin USA and Lupin India, arguing that this allegation is merely a legal conclusion. The Court cannot ignore this allegation at this stage, however, particularly where the agreement is addressed to Mumtaz at "Lupin Research Park" and only generally refers to "Lupin" without differentiating between Lupin USA and Lupin India. Doc. 8 at 7. Blanchard also alleges that Lupin USA and Lupin India operated as a joint enterprise at the time to obtain FDA approval for a generic birth control drug and engaged Blanchard to provide legal services to help them do so, which suggested to Blanchard that its client was both Lupin USA and Lupin India. At this stage, the Court must accept Blanchard's allegations as true and draw all inferences in its favor. *AnchorBank, FSB*, 649 F.3d at 614. Doing so means that Lupin USA must stay in the case until further development of the facts establish the party or parties with whom Blanchard contracted.

3

Alternatively, Lupin USA argues that the Court must dismiss the breach of contract claim because Blanchard has not alleged the existence of a valid and enforceable contract. To establish the existence of a contract, Blanchard must demonstrate an offer, acceptance, and consideration. *Trapani Constr. Co. v. Elliot Grp., Inc.*, 64 N.E.3d 132, 143, 2016 IL App (1st) 143734, 407 Ill. Dec. 754 (2016). Lupin USA contends that because the agreement attached to the amended complaint has no signature by someone representing Lupin USA or Lupin India, Blanchard cannot establish that Lupin USA or Lupin India assented to the contract. A contract, however, can be written or implied in fact, with acceptance in an implied in fact contract "proven by circumstances demonstrating that the parties intended to contract and by the general course of dealing between the parties." *Id.*; *see also Landmark Props., Inc. v. Architects Int'l-Chicago*, 526 N.E.2d 603, 606, 172 Ill. App. 3d 379, 122 Ill. Dec. 344 (1988) ("It is well settled that a party named in a contract may, by his acts and conduct, indicate his assent to its terms and become bound by its provisions even though he has not signed it."). Here, Blanchard has alleged sufficient facts to suggest that the parties' conduct created a binding contract. Blanchard alleges that it performed legal services pursuant to the agreement and submitted invoices for those services directly to Mumtaz, who acted as an agent for both Lupin USA and Lupin India. The invoices include notations of correspondence with Mumtaz, indicating that Mumtaz knew of and accepted Blanchard's work. Moreover, Blanchard alleges that two of its invoices were paid, again suggesting that Lupin USA and Lupin India intended to be bound by the agreement, despite the fact that it was never signed. *See Trapani Constr. Co.*, 64 N.E.3d at 143 (evidence that defendant paid plaintiff for work on other project under unsigned draft contracts suggested a course of dealing and mutual intent to contract). At this stage, Blanchard has sufficiently alleged the existence of a contract.

Finally, Lupin USA argues that should the Court find that Blanchard has sufficiently alleged a contract, it should be deemed an oral contract subject to a five-year statute of limitations. The statute of limitations is an affirmative defense that need not be anticipated in the complaint in order to survive a motion to dismiss. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). But that is not the case where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *Id.*; *see also Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (considering statute of limitations defense on motion to dismiss where relevant dates were set forth in the complaint). Blanchard acknowledges in its amended complaint and response to the motion to dismiss that Lupin USA and Lupin India indicated their assent to the contract by their conduct, subjecting its breach of contract claim to a five-year statute of limitations. *See* 735 Ill. Comp. stat. 5/13-205 (five-year statute of limitations applies to "actions on unwritten contracts, expressed or implied"); *see also Ramirez v. AP Account Servs., LLC*, No. 16-cv-2772, 2017 WL 25179, at *3 (N.D. Ill. Jan. 3, 2017) (a contract is considered an oral contract for statute of limitations purposes where parol evidence is necessary to determine the essential terms of the contract or the parties to it); *Dawson v. W. & H. Voortman, Ltd.*, 853 F. Supp. 1038, 1046 (N.D. Ill. 1994) (applying five-year statute of limitations to implied in fact breach of contract claim). The statute of limitations begins to run on the date of the breach. *Dawson*, 853 F. Supp. at 1046. Here, Blanchard seeks to collect on invoices dated October 31, 2009 for which payment was due within thirty days (by November 30, 2009). This means the statute began to run on December 1, 2009. This action, filed on August 4, 2016, falls outside the five-year statute of limitations and so the Court must dismiss the breach of contract claim.

## II.     Unjust Enrichment (Count II)

As with the breach of contract claim, Lupin USA argues that the statute of limitations has run on Blanchard's unjust enrichment claim. Unjust enrichment claims in Illinois are also governed by a five-year statute of limitations. *See* 735 Ill. Comp. Stat. 5/13-205; *Mann v. Thomas Place, L.P.*, 976 N.E.2d 554, 557, 2012 IL App (1st) 110625, 364 Ill. Dec. 276 (2012). Blanchard pleads that the claim accrued on October 11, 2011, when Lupin USA and Lupin India launched the generic drug for which Blanchard did the related legal work. But Blanchard's unjust enrichment claim accrued earlier, at the time Blanchard completed its legal work for Lupin USA and Lupin India at the end of October 2009 and Blanchard did not receive payment. *See Rubin & Norris, LLC v. Panzarella*, 51 N.E.3d 879, 893, 2016 IL App (1st) 141315, 402 Ill. Dec. 127 (2016) (cause of action accrues on "the date the services have been completed"). It was at that time that Lupin USA and Lupin India unjustly retained the benefit of Blanchard's services, not later when they ultimately launched the generic drug. Additionally, the fact that Blanchard may have had ongoing communications with Lupin USA or Lupin India since November 2009 concerning payment does not affect the accrual date where Blanchard seeks to recover the amounts reflected in its October 31, 2009 invoices. *See Schmidt v. Desser*, 401 N.E.2d 1299, 1301, 81 Ill. App. 3d 940, 37 Ill. Dec. 206 (1980) (agreement to defer payment did not toll statute of limitations on quantum meruit claim where that agreement did not liquidate the claim). Thus, because Blanchard filed its unjust enrichment claim more than five years after its claim accrued, the Court dismisses the unjust enrichment claim as time-barred.[3]

---

[3] Lupin India has not appeared in this action, prompting Blanchard to file a motion for default against it. But because the bases for dismissal of both the breach of contract and unjust enrichment claims apply equally to Lupin India and Blanchard had an adequate opportunity to respond to Lupin USA's motion, the Court denies the motion for default and dismisses the amended complaint against Lupin India as well. *See Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 280 (7th Cir. 1986) (court may *sua sponte* enter judgment in favor of additional non-moving defendants if motion by one defendant is equally effective in

## CONCLUSION

For the foregoing reasons, the Court grants Lupin USA's motion to dismiss [14]. The Court dismisses the amended complaint with prejudice. The Court denies Blanchard's request for default against Lupin, Ltd. [23] as moot.

Dated: April 5, 2017

_____
SARA L. ELLIS
United States District Judge

---

barring claim against other defendants and plaintiff had adequate opportunity to respond to the motion); *Roberts v. Cendant Mortg. Corp.*, No. 1:11-CV-01438-JMS, 2013 WL 2467996, at *5 (S.D. Ind. June 7, 2013) (although three defendants had not entered appearances and it was not clear whether they had been served, court could impute arguments made by other defendant to all of them and dismiss claims against all defendants).